UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL T. MCCARTHY,

                     Plaintiff,                     <u>MEMORANDUM AND ORDER</u>

  -against-                         CV 08-4109 (LDW) (ETB)

MARJAM SUPPLY CO., INC.,

                     Defendant.
-------------------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Michael T. McCarthy ("McCarthy") brings this action against his former employer defendant Marjam Supply Co., Inc. ("Marjam") for alleged violations of the Fair Labor Standards Act and New York Labor Laws. Marjam moves to dismiss and compel arbitration based on an arbitration provision contained in an employment agreement allegedly signed by McCarthy. McCarthy opposes the motion.

      In support of the motion, Marjam produces a copy of an employment agreement, which provides, in relevant part: "Employee agrees that any controversy arising out of or in connection with compensation, employment or termination hereunder shall be settled through mandatory and binding arbitration. . . . The losing party in arbitration shall pay all costs of the arbitration." Declaration of Jane Madray in Support of Marjam's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration, dated May 22, 2009, Exh. A, ¶ 8. The signature line of the document contains McCarthy's name in handwritten, printed form.

      In opposing the motion, McCarthy contends that he does not recall seeing that document before it was filed with Marjam's answer in this action and that he does not recognize the handwritten entries on the document as his own. Affidavit of Michael T. McCarthy, dated July 22, 2009, ¶ 3. McCarthy also maintains that he is under "extreme financial distress," such that

he could not afford the costs of arbitration should he be the losing party.  Id. ¶ 4.  Based on these contentions, McCarthy argues that the Court cannot grant the motion without first resolving whether there is, in fact, an agreement containing an arbitration provision.  Alternatively, McCarthy argues that the presence of cost-shifting in the arbitration provision, considered in light of McCarthy's financial condition, renders the arbitration provision unconscionable and unenforceable as a matter of law.

In reply, Marjam contends that the printed signature on the employment agreement is McCarthy's, and seeks to prove it by providing several examples of McCarthy's "block letter printing from documents in his personnel file," purportedly demonstrating "without doubt . . . that it is, in fact, his handwriting on the signature line."  Defendant's Reply Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint and Compel Arbitration, at 3-4 (citing Reply Declaration of Carmen Arguelles in Support of Marjam's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration, Exhs. A, B).  Moreover, Marjam argues that McCarthy fails to meet his burden of showing that the arbitration would be prohibitively expensive, as required to render the arbitration provision unconscionable due to potential cost-shifting.  Id. at 6 (citing Mildworm v. Ashcroft, 200 F. Supp. 2d 171, 179 (E.D.N.Y. 2006) (Wexler, J.) (holding that appropriate inquiry requires case-by-case determination of whether imposition of arbitration costs prevents party from effectively vindicating federal statutory rights)).

Upon consideration, the Court finds that it cannot determine on this motion whether there is an enforceable arbitration provision between the parties and, if there is, whether the potential cost-shifting renders the provision unconscionable.  Given the factual disputes raised by the

matter outside of the pleadings submitted by the parties, Marjam's motion is denied without prejudice to renewal following expedited discovery on these issues. The parties are directed to contact the magistrate judge to work out an appropriate schedule.

Accordingly, Marjam's motion to dismiss and compel arbitration is denied without prejudice to renewal following expedited discovery. The Clerk of Court is directed to terminate the motion.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      October 5, 2009